Judge Grimke
stated the case and delivered the opinion of the court:
This is a suit on an injunction bond, executed 29th June.
The plea avers that after the giving of this bond, the defend *502 ants, by an interlocutory decree, were ordered to give another bond in substitution of the first, which order has been complied with. The replication denies this, and avers that it was ordered by the court that the injunction should be continued on the defendant (the then complainant), giving further bond, etc., and to this replication there is a demurrer. The case differs materially from the one in 6 Ohio, 336. There the demurrer was to the plea, and this admitted the fact that the second bond was substituted in the place of the first. It admitted it, provided it was well pleaded, and it was decided that it was well pleaded, that is, that it was in, the power of the court to make an order of that kind. The question now presented is still narrower than it was in the former case. The fact that the second bond was not given in substitution of the first is admitted by the demurrer to the replication, and thus by a mere change of the pleadings, an entirely new aspect is-given to the case. And it is, perhaps, fortunate that it is so, for in no other way can substantial justice be done between the parties,, since, if the plaintiff were compelled to rely upon the new security,, it would be productive of little or no advantage to him, as it is conditioned merely for the payment of the costs. If this was-a mistake of the clerk, it is but fair that that mistake should not operate to the disadvantage of the plaintiff. But, however that may be, it is evident from the present state of the pleadings, that the new bond can not be considered as superseding the old one,, and the demurrer, therefore, must be overruled.
Judge Hitchcock, having been counsel for defendant, did not sit in this cause.